

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
**FILED**

**JUL 2 9 2009**

**CLERK, U.S. DISTRICT COURT**
By _____
Deputy

| | | |
|---|---|---|
| JEFFREY CLARK VINCENT, | § | |
| | § | |
| Movant, | § | |
| | § | |
| VS. | § | NO. 4:09-CV-266-A |
| | § | (NO. 4:05-CR-063-A) |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

MEMORANDUM OPINION
and
ORDER

Came on to be considered the motion of Jeffrey Clark Vincent ("Vincent") under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. Having reviewed the motion, Vincent's memorandum, the record, the government's response, and the applicable legal authorities, the court concludes that Vincent's motion should be denied.

I.

Background

Following a conviction of possession of child pornography in violation of 18 U.S.C. §§ 2252(a)(4)(B) and 2252(b)(2), Vincent began a term of supervised release on September 16, 2004.[1]   On June 8, 2007, the government filed a motion to revoke Vincent's supervised release.   The government alleged that Vincent had violated two additional conditions that were added to his

---

[1]Vincent was convicted in North Dakota, but jurisdiction over his supervision was transferred to the Fort Worth Division of the Northern District of Texas in April 2006.

1

supervised release by a petition dated September 9, 2004.
Following an extensive hearing, the court denied Vincent's motion
to dismiss the government's motion, found that Vincent had
violated the additional conditions, and revoked his supervised
release. The court sentenced Vincent to a term of imprisonment
of ten months, to be followed by a twenty-six month term of
supervised release. The court's judgment and sentence were
affirmed on appeal on April 10, 2008. Vincent timely filed his
present motion.

II.

### Grounds of the Motion

In support of his motion, Vincent raises eight grounds of
relief. First, Vincent contends that Richey James, ("James") his
probation officer, perjured himself during Vincent's revocation
hearing. In his second and third grounds, Vincent claims that he
did not know that missing a polygraph appointment would be a
violation of his supervised release, nor did he know that talking
about sexual issues with his fiancee would be a violation of his
supervised release. Fourth, Vincent argues that he received
ineffective assistance of counsel by both the attorney who
represented him at the revocation proceeding and the attorney who
handled his appeal. Vincent's fifth claim, titled "Probationer
cannot lose freedom when not warned," incoherently digresses into
an argument involving his underlying conviction in North Dakota.
Mem. at 1. Sixth, Vincent contends that the undersigned was
hostile towards his counsel and should have recused himself.

2

Seventh, Vincent claims that his defense counsel did not allow him to testify at the revocation hearing. Finally, Vincent reiterates that he should not have been punished for looking at child pornography or violating the terms of his supervised release because he did not know that what he was doing violated the law. The validity of each ground, or lack thereof, is discussed herein.

### III.

### Standard of Review

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. United States v. Frady, 456 U.S. 152, 164 (1982); United States v. Shaid, 937 F.2d 228, 231-32 (5th Cir. 1991). A defendant can challenge his conviction or sentence after it is presumed final only on issues of constitutional or jurisdictional magnitude and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. Shaid, 937 F.2d at 232. Section 2255 is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. United States v. Capua, 656 F.2d 1033, 1037 (5th Cir. 1981).

IV.

## Analysis

A.  Claims Relating to Vincent's Underlying Conviction

Vincent presents a variety of arguments as to the validity of his original child pornography conviction and sentence from North Dakota. Insofar as he seeks to challenge his original conviction and sentence in this motion, this court is without jurisdiction to consider these claims. See Ojo v. INS, 106 F.3d 680, 683 (5th Cir. 1997).

B.  Ineffective Assistance of Counsel Claims

To prevail on a claim of ineffective assistance of counsel, Vincent must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. Strickland v. Washington, 466 U.S. 668, 688, 694 (1984). This standard applies regardless of whether the movant pleaded guilty or not guilty. Hill v. Lockhart, 474 U.S. 52, 58 (1985). Both prongs of the Strickland test must be met to demonstrate ineffective assistance. Strickland, 466 U.S. at 687. Judicial scrutiny of this type of claim must be highly deferential, and the movant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. Id. at 689. Conclusory allegations are insufficient to prove a claim of ineffective assistance of counsel. Miller v. Johnson, 200 F.3d 274, 282 (5th Cir. 2000). Further, "[a] court

4

need not address both components of an ineffective assistance of counsel claim if the movant makes an insufficient showing on one." United States v. Stewart, 207 F.3d 750, 751 (2000).

    1.  Ground Four

        a.  Revocation Hearing Counsel

Vincent complains that the representation he received from Peter Fleury ("Fleury") was constitutionally deficient because Fleury failed to (1) convey the truth to the court, (2) take enough time to talk with Vincent to learn what happened, (3) object to James's testimony on the basis of perjury, and (4) call the secretary at the polygraph company as a witness.

Vincent's first allegation is conclusory and wholly without merit. See Miller, 200 F.3d at 282. The court is satisfied that Vincent has failed to show a reasonable probability that, had Fleury spoken with him more, the result of his revocation hearing would have been different. As for Vincent's third argument, Fleury's decision not to object to James's testimony on the basis of perjury was not objectively unreasonable. Finally, Vincent fails to show that the secretary at the polygraph company would have testified at the revocation hearing and that her testimony would have been favorable to Vincent. See Alexander v. McCotter, 775 F.2d 595, 602 (5th Cir. 1985).

        b.  Appellate Counsel

Vincent further contends that his appellate counsel failed to challenge the court's finding that he failed to comply with the requirements of his treatment program. Vincent does not

5

provide the court with an argument he believes appellate counsel should have raised on appeal, nor has he shown that any argument would have had a reasonable probability of success.  See <u>Smith v. Robbins</u>, 528 U.S. 259, 285 (2000).

2.  <u>Ground Seven</u>

Presented as a separate ground in his motion, Vincent makes the following argument:

> Vincent was not allowed to get on the witness stand by defense counsel, and thus not allowed to defend or even explain himself until now, thus its length, demonstrating an obvious lack of due process and the taking of his right to defend himself properly.  When Judge McBryde had Vincent stand and talk, the judge ruled on the case.  <u>Vincent had a fundamental right to a defense -- based on the truth, not the whims of probation.  With only prosecution and no defense, anyone is guilty.</u>

Mem. at 23-24.  Liberally construing this ground as another basis for his ineffective assistance of counsel argument, the court finds that it is without merit.  Vincent provides the court with no explanation of what he would have testified to had he been given the opportunity, or that his testimony would have changed the outcome of the proceedings.  The court also finds significant that Vincent was given an opportunity to make a statement to the court--an opportunity of which he took full advantage.[2]

C.  <u>Vincent's Remaining Claims</u>

As to Vincent's remaining claims, the court is satisfied that he has failed to show some objective factor external to the

---

[2]While Vincent addressed seemingly every detail of the government's allegations at the revocation hearing, noticeably absent from his presentation is any indication that the James had perjured himself before the court.  Vincent provides no explanation as to why he did not inform the court of James's alleged perjury when given the opportunity at the hearing.

defense for his failure to raise these claims either before the court at the revocation hearing or on appeal.[3]  See Coleman v. Thompson, 501 U.S. 722, 753 (1991).  Accordingly, these claims are procedurally barred from consideration by the court.

V.

ORDER

For the reasons discussed above,

The court ORDERS that the motion of Jeffrey Clark Vincent to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 be, and is hereby, denied.

SIGNED July 29, 2009.

_____
JOHN McBRYDE
United States District Judge

---

[3]In response to the instruction on his 2255 form to state his reasons for not presenting these grounds previously, Vincent wrote "NONE OF THE ABOVE WERE PRESENTED, SEE ATTACHED, PLUS INEFFECTIVE COUNSEL MUST BE RAISED FOR THE FIRST TIME IN DISTRICT COURT." Mot. at 6.  The court does not construe this statement as transforming all of Vincent's arguments as falling under the rubric of an ineffective assistance of counsel claim.  Nonetheless, even if the court were to stretch this statement beyond a liberal construction and review all of Vincent's arguments as being complaints as to the effective nature of his counsel, the court determines that Vincent has failed to make a showing of the factors required by Strickland.